WARDLAW v. ERSKINE.

Parties to a cause are entitled to notice of a reference to be held by the master, and of the filing of his report, notwithstanding the reference involves only the examination of records in the case for the purpose of ascertaining the indebtedness of such parties.

Before KERSHAW, J., Anderson, October, 1883.

The opinion states the case.

*Messrs. Moore & Wardlaw,* for appellants.

*Messrs. Scudday & Simpson,* contra.

July 3, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. In August, 1870, a bill was filed for the partition of the real estate of H. H. Wardlaw, late of Anderson county, among his children, twelve in number, and a son and daughter of a deceased son, H. C. Wardlaw, his heirs-at-law.

Upon the return of certain commissioners appointed to make the partition, all the parties interested having been made parties, Judge Orr, presiding, ordered the report of the commissioners to be accepted and filed, and that the land be assigned and conveyed to seven of the children, upon their entering into bond to the clerk of the court in the penalty of $7,000, conditioned for the payment of $3,500, twelve months after date with interest payable annually, &c., "and when said bond was settled, for the

benefit of the other heirs of Hutson C. Wardlaw, the interest of the assignees and donees in said land to be credited with their respective interests in said land, the clerk to hold the purchase money when collected, subject to the further order of the court."

. In October, 1871, Judge Orr seems to have granted a further order, "that it be referred to A. O. Norris, Esq., special referee, to investigate and report what portion of the real estate of H. H. Wardlaw will be required in aid of the personal estate to pay debts." No proceeding was taken under this order and the case seems to have dropped from the docket.

Matters remained in this condition until February, 1883, when the respondents, through their attorneys, gave notice to J. B. Moore, plaintiffs' attorney in the original case, of a motion to restore the case to the calendar and refer to the master to examine the records and report what amount is due the heirs of the said H. C. Wardlaw, deceased. To this motion no objection was made, except that said heirs be required to give security for costs before proceeding further with the case. Upon hearing this motion, Judge Wallace ordered the case restored to the calendar, and that it be referred to the master to examine the records and report what sum is due to the children of H. C. Wardlaw, deceased, provided that security for the sum of fifty dollars to cover costs be given, on or before the day fixed for the reference. The master, under this order, examined the records in the case and reported the sum due to the children of H. C. Wardlaw. This examination and report was made without notice to plaintiffs' attorney, Mr. Moore.

At the October term of the court this report, by order of Judge Kershaw, was confirmed, with an order that the amount reported as in the hands of the clerk, after paying the costs, be applied to the payment of the interest of J. B. Wardlaw and F. C. Sanders, the two children of H. C. Wardlaw, deceased, and that the bond given by the assignees of the land be turned over to Messrs. Scudday & Simpson for collection, so as to secure the balance that may be due said children. This order was resisted by Moore & Wardlaw on the ground that they had no notice of the time and place of the reference, or of the filing of the report of the referee, and that therefore they had been deprived of all opportunity to

except to said report; and upon these grounds they have appealed, with two other exceptions not necessary to be considered, as they are founded upon facts not appearing in the case, or ruled upon by the Circuit judge.

The sole question in the case is, was it error on the part of the Circuit judge to grant the order appealed from, notwithstanding the fact that plaintiffs' attorneys had not been informed of the time of the reference and were without notice of the filing of the report? Inasmuch as the master has no special court days for the consideration of matters referred to him, of which parties interested may take notice, as a general rule it would seem to be proper and necessary that he should notify said parties of the time and place of the reference which he intends to hold. This is certainly the practice, and it is necessary, otherwise references would be *ex parte,* and the rights of those interested might be determined without their knowledge. 3 *Wait Prac.,* 284, 294, 295. We do not know that any special harm has been done in this case, but we can see no reason why it should be made an exception from the general rule above referred to.

It is true that no objection was interposed to the reference except that the heirs of H. C. Wardlaw should give security for the costs, but that did not necessarily waive the privilege of being present when the reference was held, or of notice of the report when filed. It is true, too, that the order of reference confined the referee to an examination of the records in the original case, and his duty was somewhat ministerial in its character, but yet it involved the indebtedness of the assignees of the land under the bond which they had given, and they were entitled to be heard as to the amount due thereon. We think the appellants should have had notice of the reference. See the case of *Wright* v. *Herlong,* 16 *S. C.,* 620.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and the case be remanded for such further proceeding as may be necessary.